Lesa Werme
671 Spear Street
Saugatuck, Michigan 49453
Phone: 269-857-1595
Email: lesawerme@yahoo.com

Defendant in Pro Se

FILED - GR
February 11, 2015 2:07 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ mkc /_____  SCANNED BY: ____

1:15-cv-130
Janet T. Neff
U.S. District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LESA WERME**<br><br>          Plaintiff,<br><br>vs.<br><br>**MORTGAGE CENTER, LLC; and DOES 1-10, inclusive**<br><br>          Defendants | Case No. :<br><br>**VERIFIED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT;<br>2. ACCOUNTING;<br>3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and<br>4. INJUNCTIVE RELIEF<br><br>DEMAND FOR TRIAL BY JURY |

//
//
//
//
//
//
//

**COMES NOW** Plaintiff, LESA WERME ("Plaintiff") and for her Complaint against Defendant MORTGAGE CENTER, LLC, plaintiff alleges as follows:

## I. PARTIES

1. Plaintiff LESA WERME ("LESA") is an individual, and at all relevant times a resident of the county of Allegan.

2. Plaintiff is the sole owner of the residential real property commonly known as 671 Spear Street, Saugatuck, Michigan 49453 (hereinafter, "Subject Property"), and more particularly described as:

**See Exhibit 1**

3. Plaintiff is informed and believes and thereon alleges at all times mentioned herein, defendant MORTGAGE CENTER, LLC, (hereinafter referred to as "MCL") is a Michigan company that maintains a registered agent in Oakland County, Michigan.

4. Defendant DOES 1-10 are sued by their fictitious names, their true names and capacities are unknown to Plaintiff.

5. Plaintiff believes that each fictitiously named Defendant DOE 1-10 is a person or entity who participated in, assisted, was retained by, or counseled by one of the other Defendant's herein in connection with the acts alleged herein of which Plaintiff complains. At all times herein mentioned each defendant was an agent, officer, board member, servant, employee, partner, joint venturer of the other defendants and each of them and all times herein mentioned, each defendant was acting within the course and scope of this relationship as an officer, board member, agent, servant, employee, partner or joint venturer of the other defendants, and each of them.

6. Defendants DOES 1-10, inclusive, are sued under fictitious names. When their true names and capacities are known, Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and proximately thereby caused the injuries and damages to Plaintiff as hereinafter alleged, or claims some right, title, estate, lien, or interest in the residence adverse to Plaintiff's title. Said claims, constitute a cloud

on Plaintiff's title in property, and are a result therefrom unlawful or fraudulent acts that resulted in injury to Plaintiff's property.

## II.  JURISDICITON AND VENUE

7. Subject-matter jurisdiction for this Court exists: pursuant to 28 U.S.C. Section 1331, because this is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") (any reference to the FDCPA or any party thereof encompasses all relevant parts and subparts thereto) 15 U.S.C. §1692 et seq.

8. The Court has personal jurisdiction over Defendant because they specifically engaged in conduct injurious to Plaintiff who is located in the county of Allegan, state of Michigan. Defendant did this with the full knowledge that Plaintiff was and is in the state of Michigan and county of Allegan, and that their actions would cause injury to Plaintiff in the state of Michigan.

9. Plaintiff is a residents of Allegan County, Michigan. Plaintiff's home which is the subject of this litigation, is in Allegan County, Michigan. Defendant regularly conduct business in this district. Each Defendant is, upon information and belief, operates in Michigan and routinely does business in county of Allegan, Michigan.

10. Venue is proper in the United States District Court for the District of Michigan pursuant to U.S.C. section 1391.

## III.  INTRODUCTION

11. Plaintiff is proceeding, pro se in this case. Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer. See, *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

(a) In *Picking*, the plaintiff's civil rights were 150 pages long and described by a Federal Judge as "inept." The Court held that where a plaintiff pleads pro-se in a suit for protection of civil rights, the court should endeavor to construe plaintiff's pleading without regard to technicalities. *Picking v. Pennsylvania Railway*, (151 F2d. 240) (N.J. is in 3r Cir.), Third Circuit Court of Appeals.

(b) In *Walter Process Equipment v. Food Machinery*, 382 U.S. 172 (1965) it was held that in a "motion to dismiss, the material allegations of the complaint are taken as admitted."

From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts to support of his claim which would entitle him to relief. (See, *Conley vs. Gibson*, 335 U.S. 41 (1957).

12.     Moreover, Plaintiffs claim that statements of counsel in motion, briefs or in oral arguments are not facts before this Court. (See, *Trinsey v. Pagliaro*, 229 F. Supp. 647).

13.     Plaintiff in this action is a victim of unlawful acts perpetrated by Defendant, in efforts to unlawfully foreclose on Plaintiff's property. In doing so, Defendant has made numerous violation of the FDCPA.

## IV.     GENERAL ALLEGATIONS

**A.     PLAINTIFF IS *NOT* IN DEFAULT ON HER MORTGAGE LOAN**

14.     On or about January 10, 2014 received a Paid Off Correspondence from Kenneth Martin the President of MCL stating that MCL's recorders indicated that Plaintiff has paid off mortgage loan number \*\*\*-\*\*\*\*\*\*7147 (Ex.2)

15.     Plaintiff contacted MCL on or about January 11, 2014 to inquire about the Paid Off Correspondence. To date Plaintiff has not received a response from MCL. Plaintiff believed that there were some accounting issues therefore she continued to make her monthly mortgage payments. Plaintiff is informed and believes and therefore alleges that she is not in default on her mortgage loan.

16.     Plaintiff continued to make her payments for January, February, March and April of 2014. When Plaintiff made her May 2014 payment it was returned by defendant MCL stating that Plaintiff's loan was in default, believing that MCL had made some accounting errors plaintiff contacted MCL. MCL has not responded to plaintiffs request for an accounting or provided plaintiff with an explanation for the returned payment.

17.     Plaintiff continued to make her monthly payments, believing that MCL made an accounting error, her payments for June, July, and August 2014 were returned to her. Plaintiff has made continuous phone calls to MCL to inquire about her payments and account, to date all of her inquiries have gone unanswered. Plaintiff made the September 2014 payment and MCL accepted the payment.

18. On January 05, 2015, Plaintiff received a notice from Orlans, an attorney firm representing defendants MCL, stating that plaintiff's mortgage was in foreclosure and that she had 30 days from the date of the letter to dispute the debt. On February 10, 2015, Plaintiff mailed a debt validation letter to Orlans. Orlans and defendant MCL have failed to respond to the debt validation letter.

19. On January 21, 2015 a foreclosure legal notice was published announcing a February 19, 2015 sheriff's sale of the subject property.

20. On January 29, 2015 an Assignment of Mortgage ("Assignment") was filed in the Allegan County Register of Deeds. Mortgage Electronic Registrations Systems, as nominee for Novastar Home Mortgage, Inc. assigned and transferred the debt to MCL. The Assignment was witnessed and signed by Alina White as an Assistant Secretary of MERS as nominee of Novastar Home Mortgage, Inc.

21. Plaintiff alleges that Alina White is a Vice President Loan Administrator for defendant MCL.

## TIME LINE OF PAYMENTS AND EVENTS

22. Below is a time line of payments and events that is prima facie evidence that the Plaintiff is NOT in default on her mortgage loan:

- August 14, 2013 plaintiff made a mortgage payment by check in the amount of $1,430.54. (Ex.3)
- September 13, 2013 plaintiff made a mortgage payment by check in the amount of $1,430.54. (Ex.4)
- October 7, 2013 plaintiff made a mortgage payment by check in the amount of $682.61. (Ex.5)
- November 1, 2013 plaintiff made a mortgage payment by check in the amount of $2,250.00. (Ex.6)
- November 27, 2013 plaintiff sent a letter to Kenneth Martin to inquire about her account. (Ex.7)
- December 1, 2013 plaintiff made a mortgage payment by check in the amount of $1,430.54. (Ex.8)
- January 1, 2014, plaintiff made a mortgage payment by check in the amount of $1,430.54. (Ex.9)
- January 10, 2014 plaintiff received a letter from the MCL from Kenneth Martin stating that the plaintiff's mortgage loan with MCL was paid off. (Ex.10)

- February 1, 2014, plaintiff made a mortgage payment by check in the amount of $1,430.54. (Ex.11)
- March 1, 2014, plaintiff made a mortgage payment by check in the amount of $1,430.54. (Ex.12)
- April 1, 2014, plaintiff made a mortgage payment by check in the amount of $1,430.54. (Ex.13)
- May 1, 2014, plaintiff made a mortgage payment by check in the amount of $1,430.54. On or about May 10, 2014, plaintiff received a letter and the May 2014 mortgage check from LaNedra Johnson ("JOHNSON"), a senior member loan counselor employed by MCL. The letter stated that the plaintiff's mortgage payment was being returned and that the mortgage payment sent in by plaintiff did not satisfy the balance due. (Ex.14)
- June 1, 2014, plaintiff made a mortgage payment by check in the amount of $1,430.54. On or about June 16, 2014, plaintiff received a letter and the June 2014 mortgage check from JOHNSON. The letter stated that the plaintiff's mortgage payment was being returned and that MCL could not accept the partial balance due which was purportedly $3,075.67. (Ex.15). Plaintiff did not have a balance due because plaintiff was never in default on her loan.
- July 1, 2014, plaintiff made a mortgage payment by check in the amount of $1,430.54. On or about July 5, 2014, plaintiff received a letter and the July 2014 mortgage check from JOHNSON. The letter stated that the plaintiff's mortgage payment was being returned and that MCL could not accept the partial payment. (Ex.16). Plaintiff did not have a balance due because plaintiff was never in default on her loan.
- On or about July 17, 2014, plaintiff received a letter from JOHNSON stating that the Notice of Default in Mortgage and Notice of Intent to Accelerate Loan will be expiring shortly (Ex.17).
- August 1, 2014, plaintiff made a mortgage payment by check in the amount of $1,430.54. On or about August 5, 2014, plaintiff received a letter and the August 2014 mortgage check from JOHNSON. The letter stated that the plaintiff's mortgage payment was being returned and that MCL could not accept the partial payment. (Ex.18).
- September 1, 2014, plaintiff made a mortgage payment by check in the amount of $1,430.54. (Ex.19) Defendant MCL accepted the September 1, 2014 payment.
- September 17, 2014, Plaintiff received a Notice of Default in Mortgage and Notice of Intent to Accelerate Loan. (Ex.20)
- October 16, 2014, plaintiff received a mortgage statement which reflects that the payment that defendants mailed back to plaintiff was not accounted for. (Ex.21)
- November 01, 2014, plaintiff received a real estate payment coupon reflecting that plaintiff's payment was $1,430.54. (Ex.22)
- January 5, 2015, plaintiff received a letter from Orlans Associates, P.C. ("ORLANS") stating that they represent defendant MCL and they are debt collectors attempting to collect a debt. (Ex.23)

- January 6, 2015, plaintiff received a letter from ORLANS stating that plaintiff's mortgage loan has been referred to the firm for foreclosure. (Ex.24)
- January 29, 2015, an Assignment of Mortgage was recorded with the Allegan County Register of Deeds as document number 2015001714. (Ex.25)

23. Plaintiff alleges that she is not in default and that MCL is attempting to fraudulently steal plaintiff's home.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 *ET SEQ.*

24. Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

25. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27. Defendant has violated the FDCPA in connection with its attempts to collect an account against Plaintiff. Defendant's violations include, but are not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2)(A), 1695e(5), 1692e(8), 1692e(10), 1692g 1692i.

28. Defendant engaged in conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt which was supported by the unauthenticated assignment.

29. Further, there is no specific amount of value indicated on this assignment; even if Defendant were able to provide an authenticated Power of Attorney. (Plaintiff wants to reserve the right to petition the Notary's log for authentication and validation.) An accounting that is signed and dated by the person responsible for the account has not been produced. Claim of damages, to be admissible as evidence, must incorporate records such as a general ledger and accounting of the alleged debt, the person responsible for preparing and maintaining the account general ledger must provide a complete accounting which must be sworn to and dated by the person who maintained the ledger. See *Pacific Concrete F.C.U. V. Kauanoe*, 62 Haw. 334, 614

P.2d 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super.2000), and *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A.2d 1218, 201 Conn.1 (1986).

30. Non-judicial foreclosure, attempting to seize property is a violation of FDCPA 15 USC 1692i.

31. Defendants violated FDCPA by failing to validate the alleged debt as required by 15 USC 1692g.

32. Plaintiff alleges that Defendant routinely ignored, and through their actions continued to violate FDCPA rules to enhance their own profits.

33. Defendant's conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of 1692f(1).

34. Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper validation of the alleged debt to Plaintiff, 1692g(b).

35. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. §1692k(a)(1).

36. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Plaintiff, pursuant to 15 U.S.C. § 1692k (a)(2)(A).

37. As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k (a)(3).

38. As a result of the foregoing violations, Defendant should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

39. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the FDCPA. A judicial declaration that

Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

40. Based on the allegations above and further set forth herein, Defendant violated 15 U.S.C. §1692d by (1) engaging in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff without limitation; (2) Continuing to pursue collection of disputed and unverified debt; (3) attempting to foreclose on Plaintiff's property; (4) forcing Plaintiff to defend against an invalid action. Defendant knew or should have known that it has engaged in such conduct, and the said consequences thereof.

41. Upon information and belief, Defendant has communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false - including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendants and/or that Defendants are the original creditor of said alleged debt.

42. Upon information and belief, Defendant, is in violation of 15 U.S.C. §1692e(8), because Defendant failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff has disputed the alleged debt.

43. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under FDCPA. A judicial declaration that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

44. By falsely representing that Defendants are either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between Defendant and the original creditor of any alleged debt by any alleged original creditor to Defendant, and/or that Defendant is the original creditor, Defendant has made material, false and misleading representations, and has further communicated to Plaintiff and other persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false and misleading representation and impression that Defendant is the original creditor of said debt,

and other material false and misleading representations, and has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f. Defendant either knew or should have known all of the above.

45.     Under the FDCPA 15 U.S.C. § 1692f - A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt; taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest. In *Armacost v. HSBC Bank USA*, No. 10-CV0274-EJL-LMb, 2011 WL 825151 (D. Idaho Feb. 9, 2011) the plaintiff generally alleged violations of 15 U.S.C. § 1692f and argued that defendant did not have standing to foreclose on the deed of trust. Defendant here also does not have standing to foreclose. The court first noted that the definition of "debt collection" found in 15 U.S.C. § 1692a(6) included the following sentence: "For the purpose of section 1692f(6) of this title, [a debt collector] also includes the principal purpose of which is the enforcement of security interests." *Id*. It then explained that 15 U.S.C. § 1692f(6) prohibits a debt collector from "taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest" Id. at n.5 (quoting 15 U.S.C. §1692f(6). The case stated, "if 'debt collection' generally included the enforcement of a security interest, the language specifying so for the purposes of §1692f(6) would be surplus, and such a construction would violate a 'long standing canon of statutory construction that terms in a statute should not be construed so as to render any provision of that statute meaningless or superfluous." *Id*. (quoting *Beck v. Prupis*, 529 U.S. 494, 506 (2000)) (footnote omitted). The court thus concluded that while "a non-judicial foreclosure action generally does not constitute a "debt collection activity" under the FDCPA," an exception to this rule existed for claims under 15 U.S.C. 1602f(6) *Id*.

46.     The FDCPA, §1692k, provides for actual damages, statutory damages up to one-thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorneys' fees. Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Defendants to be determined at trial. Defendant is liable to Plaintiff for statutory damages as prescribed by §1692k (a)(2)(A), actual damages pursuant to §

1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to §1692k(a)(3).

47.     Courts will carefully scrutinize non-judicial foreclosures and set them aside if the borrower's rights have been violated. *Stirton v. Pastor* (1960) 2 Cal. Rptr. 135, 177 Cal. App. 2d 232.

48.     Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the FDCPA proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

**SECOND CLAIM FOR RELIEF**
**ACCOUNTING**

49.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs as though fully set forth herein.

50.     Plaintiff is a consumer as set forth above and the alleged debt owed is a consumer debt pursuant to the FDCPA.

51.     Defendant is a debt collector in the business of collecting debts.

52.     The elements for a claim for accounting are: (i) a fiduciary relationship or other circumstances appropriate to the remedy, and (ii) a balance due from the plaintiff to defendant that can only be ascertained by an accounting.

53.     Defendant MCL has held itself out to be plaintiff's creditor and mortgage servicer. As a result of this purported relationship, said defendant has a duty to plaintiff to properly account for payments made by plaintiff. Moreover, a fiduciary relationship between the parties in not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting.

54.     Plaintiff has made her mortgage payments on time since 2004. Plaintiff believes and is informed that the amount claimed due and owing at the time of the Notice of Default of $7,744.94, is not correct.

55. Plaintiff has a reasonable and good faith belief that the claimed arrearages include improper excess charges and fees imposed by the defendant without plaintiff's knowledge or consent, which are not allowed by law.

56. It would be inequitable and unconscionable for defendants to retain the profit, benefit, and other compensation they obtained from their fraudulent, deceptive, and misleading conduct alleged herein. Therefore, these monies are due to be credited back to plaintiff in full.

57. The actual amount of the arrearages on plaintiff's loan and the actual amount of money due from plaintiff to defendant, and vice versa, is unknown to plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions.

## THIRD CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

59. Defendant's acts and/or omissions were done intentionally and/or with gross indifference to Plaintiff's rights.

60. Plaintiff's emotional distress includes, but is not limited to, extreme humiliation, anxiety and a loss of sleep. As a result of the Defendant's conduct, Plaintiff has suffered compensatory, general, and special damages in an amount according to proof. Additionally, Defendant acted with malice, fraud and/or oppression, by attempting to take Plaintiff's property through foreclosure when they have no legal right to do so, and thus, Plaintiff is entitled to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF
## INJUNCTIVE RELIEF

61. Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

62.  At all times relevant, Defendant, has wrongfully and unlawfully threatened Plaintiff's quiet enjoyment and use of her real property.

63.  Defendant threatened conduct, unless and until enjoined and restrained by this Court will cause great and irreparable injury to Plaintiff in that it Plaintiff will be deprived of the quiet use and enjoyment of her real property.

64.  Not only did Defendant threatened conduct cause great and irreparable harm to Plaintiff unless and until enjoined, that same threatened conduct will cause great and irreparable harm to Plaintiff's family.

65.  In this case, the irreparable harm that Plaintiff will suffer is obvious and enormous. Plaintiff will lose her real property and will be ultimately evicted from her home. Plaintiff will incur the cost and emotional distress of losing her home and repairing her further damaged credit history. Undeniably, Plaintiff will suffer severe damages.

## CONCLUSION

Here, Defendant does not have standing or the enforceable right to take possession of Plaintiff's Property, because of the failure to comply with strict statutory, legal contractual duties.  Said action will result in the wrongful foreclosure of the Property. Being that Defendant is a debt collector the only remedy they are entitled to would be a judicial foreclosure. However, knowing that they would not have to prove standing or the proper documentation they are attempting foreclosure through non-judicial foreclosure and thereby violating the FDCPA.

Further, Plaintiff is concerned that Defendant and DOES 1-10, unless restrained, will attempt to remove Plaintiff from the possession of the Subject Property by an unlawful detainer action. Defendants are knowledgeable that any such action would cause irreparable harm to the Plaintiff, as well as cause monetary compensation which will not afford adequate relief because Plaintiff's property is unique.

Thereby, Plaintiff respectfully request that a temporary restraining order is necessary to ensure that Plaintiff and her family are not displaced before the court has had an opportunity to hear, and adjudicate the case as to its merits, and whether or not it can proceed to a hearing in front of a jury.

## PRAYER

**WHEREFORE,** Plaintiff having set forth the claims for relief against Defendant, respectfully pray that this Court grant the following relief against the Defendant:

1. For equitable relief, including an Order for Defendant to rescind all Notice s of Default against Plaintiff's account and to engage in reasonable efforts to restore Plaintiff's credit to its previous standing and by entering a statement which says "Paid as Agreed";

2. For a temporary and preliminary injunction enjoining Defendant transferring the Subject Property of or from taking any action to evict Plaintiff from her home during the pendency of this action;

3. That the Court issue a declaration that the Defendant be required to release the lien on the Subject Property;

4. That the Court Order judgment quieting title to Plaintiff as the owner of the Subject Property and that all Defendants have no title, right to the estate, lien or interest in the property;

5. That the Court enter a judgment declaring Defendant's actions and practices complained of herein to be unlawful, unfair, and fraudulent;

6. For injunctive relief against Defendants to prevent future wrongful conduct;

7. That Plaintiff recover costs, and reasonable attorney fees, if incurred;

8. That Defendant be required to specifically prove all allegations in this action;

9. For general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. 1692(k) a 1;

10. For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per cross-complainant, pursuant to 15 USC 1692(k)

11. For costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3.

12. For a judicial declaration pursuant to Code of Civ. Procedure 1060 that Defendant's actions violated the FDCPA;

13. For Punitive damages; and

14. For such other and further relief as the Court may deem just, equitable and proper.

Dated: February 11, 2015

_Lesa Werme_ – Plaintiff in Pro Se

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: February 11, 2015

_Lesa Werme_ – Plaintiff in Pro Se

## VERIFICATION

I, Lesa Werme, acknowledge that I am the Plaintiff in the above-entitled action. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of Michigan that the foregoing is true and correct.

Executed at Saugatuck, Michigan this 11th day of February, 2015.

_____
Lesa Werme – Plaintiff in Pro Se