# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MICHIGAN

**LESA WERME**

            Plaintiff,

   vs.

**MORTGAGE CENTER, LLC; and FEDERAL
HOME LOAN MORTGAGE CORPORATION,**

       Defendants.

**Hon. Janet T. Neff**
Case No: **1:15-cv-130**

---

## FIRST AMENDED VERIFIED COMPLAINT AND CONTINUED JURY DEMAND

Plaintiff, LESA WERME ("Plaintiff") by her attorney, Steven A. Finegood, for her First Amended Verified Complaint against Defendant MORTGAGE CENTER , LLC, and Defendant FEDERAL HOME LOAN MORTGAGE CORPORATION, states as follows:

### 1. Parties

1. Plaintiff Lesa Werme  is an individual, and at all relevant times a resident of the county of Allegan, State of Michigan.

2. Defendant Mortgage Center, LLC (referred to herein as "MCLLC") is a Michigan limited liability company, and has its resident agent in Lansing Michigan, and conducts business in the Western District of Michigan.

3. Defendant Federal Home Loan Mortgage Corporation (referred to herein as "Freddie Mac") is a federally chartered corporation pursuant to 12 U.S.C. section 1452(a) with its principal office in Washington D.C., or McLean, Virginia.

## 2. Jurisdiction

4. Diversity of citizenship subject matter jurisdiction for this Court exists pursuant to 28 U.S.C. section 1332(a)(1) as a matter in controversy exceeding $75,000 exclusive of interest and costs, and jurisdiction otherwise exists pursuant to 12 U.S.C. section 1452(c)(7) of the Federal Home Loan Corporation Act.

## 3. Venue

5. Venue is proper in the United States District Court for the District of Michigan pursuant to U.S.C. section 1391(b)(2).

## COUNT I
## DECLARATORY JUDGMENT

6. Plaintiff incorporates the allegations in all preceding paragraphs as though fully restated herein.

7. Upon information and belief Defendant MCLLC is a servicer of Plaintiff's mortgage loan for its principal, Defendant Freddie Mac, a copy of which mortgage is attached as Exhibit 1 and incorporated by reference.

8. Defendant MCLLC commenced foreclosure of the subject mortgage pursuant to MCL 600.3201 et seq. ("foreclosure by advertisement" herein) on January 22, 2015, as indicated in Exhibit 2, attached and incorporated by reference.

9. Defendant MCLLC commenced foreclosure by advertisement of the subject property without clear proof of default by Plaintiff and without clear proof of the concomitant

debt, required by Michigan law, as more fully described in the subsequent paragraphs of this First Amended Verified Complaint.

10. Though Plaintiff timely tendered the June, July, August, and September 2014 mortgage payments to Defendant MCLLC, of which the June, July, and August 2014 payments were subsequently returned to her by Defendant MCLLC, Defendant MCLLC wrongly used purported non-payment of the June, July, August, and September 2014 mortgage payments as grounds to accelerate Plaintiff's mortgage debt and to commence foreclosure of the subject mortgage, as indicated in Exhibits 3, 4, 5, 6 and 8, attached and incorporated by reference.

11. At all applicable times, return of the June, July, and August 2014 mortgage payments to Plaintiff by Defendant MCLLC thereby waived, discharged, or excused, Plaintiff's payment of the June, July, and August 2014 mortgage payments, and waived, discharged, or excused, tender of subsequent mortgage payment(s) by Plaintiff, after Defendant MCLLC improperly accelerated the mortgage debt for the June, July, and August 2014 payments timely made by Plaintiff to Defendant MCLLC.

12. Upon information and belief, Defendant MCLLC foreclosed upon the subject property for a $72 late fee or other small sum, contrary to the long held common law of Michigan proscribing foreclosure for miniscule amounts as tantamount to a forfeiture, and proscribed as unjust and oppressive.

13. Upon information and belief, Defendant MCLLC foreclosed upon the subject property for a $72 late fee, in violation of Freddie Mac rules prohibiting collection of late fees by foreclosure, including but not limited to Freddie Mac Rule 64.3(b)(5).

14. Upon information and belief, a purported charge for lender force placed insurance made by Defendant MCLLC fails because Plaintiff's home was insured at all applicable times, and because the Defendant MCLLC failed to comply with the Freddie Mac Rule 58.12 requiring necessary warning(s) prior to procurement of such force placed insurance.

15. An actual controversy exists between Plaintiff and all Defendants regarding whether the Defendants had the right to foreclose the above described mortgage on January 22, 2015 because of the failure of Defendants to establish clear proof of both Plaintiff's underlying debt and default required by MCL 600.3204(1)(a) and Michigan case law, all of which requires declaratory relief to guide Plaintiff's future conduct and otherwise preserve Plaintiff's legal rights.

16. Plaintiff will more than likely prove her case because the foreclosure by advertisement statute provisions, including but not limited to MCL 600.3204(1)(a), are mandatory, and all of the Defendants have therefore failed to comply with the statutory provisions of MCL 600.3204(1)(a) and Michigan case law requiring clear proof of Plaintiff's underlying debt and default before undertaking to foreclose by advertisement.

17. Unless Defendant MCLLC is restrained from proceeding with foreclosure of the subject property, and eviction of Plaintiff from the premises, Plaintiff will suffer irreparable harm and injury in that Plaintiff will be dispossessed of said real property and will lose rights in the property.

18. Defendants will not be unfairly prejudiced by the issuance of a preliminary injunction.

19. Plaintiff has no other adequate remedy at law.

WHEREFORE, Plaintiff, Lesa Werme, respectfully requests this Honorable Court to grant the following relief:

4

A. Issue a Preliminary Injunction, restraining Defendant Mortgage Center, LLC, and Defendant Freddie Mac and their principal(s), agents, servants, employees and attorneys, and all others acting in concert with them, from proceeding with foreclosure, summary proceedings or further sale of the subject property by any means, until this Court orders otherwise;

B. Grant Plaintiff such other and further relief in the premises as this Court deems just and equitable;

C. Plaintiff requests this Court to declare that all concomitant foreclosure by advertisement proceedings regarding the subject premises are void and of no effect, and to enter a judgment against Defendant Mortgage Center, LLC and against Defendant Freddie Mac, for Plaintiff's costs and attorney fees.

## COUNT II
## ACCOUNTING

20. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs as though fully restated herein.

21. The purported arrearages on Plaintiff's loan and the actual amount of money due from Plaintiff to Defendant MCLLC, and vice versa, is unknown to Plaintiff and cannot be ascertained without an account of the receipts and disbursements of the aforementioned transactions.

22. Upon information and belief, Defendant MCLLC has "exclusive knowledge" about its treatment of Plaintiff's account.

23. Defendant's "exclusive knowledge" of its treatment of Plaintiff's account makes an equitable accounting an appropriate remedy for Plaintiff.

24. Upon information and belief, Plaintiff's account is complicated because the details of Defendant MCLLC's treatment of Plaintiff's account has not been reported yet by the Defendant MCLLC as the mortgage servicer.

5

**WHEREFORE,** Plaintiff requests a complete accounting by Defendant MCLLC regarding the treatment of Plaintiff's account.

## COUNT III
## DEFAMATION

25. Plaintiff incorporates the allegations in all preceding paragraphs as though fully restated herein.

26. Upon information and belief, beginning on or about January 22, 2015 Defendant MCLLC published its statement that Plaintiff was in default of the subject mortgage (more fully described in Exhibit 2 attached hereto and incorporated by reference) in the Allegan County News, and/or other applicable newspaper(s) of record for Allegan County and its vicinity, and/or other newspapers of wide circulation in the vicinity of Plaintiff's residence, home, and the subject property, and upon information and belief, Defendant MCLLC published such false statements with various yet unidentified credit reporting agencies.

27. Such allegations made by Defendants MCLLC that Plaintiff was purportedly in default of the mortgage of the subject property were false, malicious, scurrilous, vexatious, and unsupported defamatory statements, and were injurious to Plaintiff in her business, and injurious to her feelings, and were made by Defendant MCLLC in bad faith, or with ill will, and caused incremental injury to the feelings of Plaintiff attributable to the sense of indignation and outrage experienced by Plaintiff due to the bad faith and/or ill will of Defendant MCLLC in publishing such libelous statements

28. On May 2, 2015, Plaintiff sent the following retraction demand to Defendant MCLLC:

*"Please retract the mortgage foreclosure sale notice published by you dated January 22, 2015. Please tell me in writing whether you have*

6

*published the Notice of Foreclosure Sale in any newspapers. If you have, please tell me which newspapers you have published the foreclosure notice in and please immediately publish a retraction of the mortgage foreclosure sale notice in each of those newspapers - because I have not been in default of my mortgage. Please disclose all credit reporting regarding my mortgage loan account by Mortgage Center, LLC, and publish a written retraction to each credit reporting agency too. Please provide a copy of each retraction to me by Thursday, May 7, 2015. Also, please identify in writing the name and address of the lender and the mortgagee on whose behalf you posted and published the foreclosure sale notice so that I may request them to retract the foreclosure notice too."*

Attached as Exhibit 7, and incorporated by reference.

29. Defendant MCLLC has failed and refused to retract its false statement(s) of purported default by Plaintiff published in the mortgage foreclosure sale notice described in Exhibit 2 attached and incorporated by reference, and thereby establishes the bad faith of Defendant MCLLC in publishing its false statement(s) that Plaintiff was purportedly in default of the mortgage of the subject property.

30. The failure of Defendant MCLLC to retract such libelous statements and allegations when afforded the opportunity to do so, subjects it to exemplary damages pursuant to MCL 600.2911(2)(b).

31. The actions of Defendant MCLLC described in the preceding paragraphs of this Count III of the First Amended Verified Complaint has damaged Plaintiff from the injuries described in the preceding paragraphs of Count III, in an amount exceeding Seventy Five Thousand ($75,000) Dollars, and have also specially damaged Plaintiff for her attorney's fees and costs in having to bring this action.

**WHEREFORE,** Plaintiff requests this Court to enter a judgment for Plaintiff and against Defendant MCLLC for compensatory damages for a sum exceeding Seventy Five

Thousand ($75,000) Dollars, and for such special damages and exemplary damages as provided by MCL 600.2911(2)(b), and judgment for Plaintiff for the same against Defendant Freddie Mac as the principal of Defendant MCLLC, together with Plaintiff's costs, interest, and attorney fees so wrongfully incurred herein.

## COUNT IV
## UNJUST ENRICHMENT

32. Plaintiff incorporates the allegations in all preceding paragraphs as though fully restated herein.

33. Upon information and belief, Defendant MCLLC falsely declared Plaintiff to be in default of the subject mortgage to cause a false condition precedent to occur in order for Defendant MCLLC to make a claim upon the mortgage lender's title insurance policy for the subject mortgage loan for Defendant MCLLC, for Defendant Freddie Mac, or for any other heretofore undisclosed principal.

34. That such mortgage lender's title insurance claim and/or its proceeds described in preceding paragraphs thereby confers a wrongful benefit upon Defendant MCLLC and/or Defendant Freddie Mac and upon any heretofore undisclosed principal, and it is unconscionable for Defendant MCLLC and/or Defendant Freddie Mac or any undisclosed principal to retain such benefit.

35. That such mortgage lender's title insurance claim and/or its proceeds described in preceding paragraphs thereby results in unjust enrichment of Defendant MCLLC and/or Freddie Mac and for any other heretofore undisclosed principal, at the expense of Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant MCLLC and

against Defendant Freddie Mac and against any heretofore undisclosed principal for

restitution of the sum of all of such mortgage lender's title insurance claim and/or

proceeds, and Plaintiff requests judgment against Defendant MCLLC, and against

Defendant Freddie Mac, and against any other heretofore undisclosed principal, for

indemnification for the sum necessary to redeem the subject property from foreclosure

and for the sum of the fair market value of the subject property, all in a sum exceeding

$75,000, along with interest, costs, and attorney fees.


Dated: September 25, 2015

<div style="text-align:right">

/s/STEVEN A. FINEGOOD
Steven A. Finegood (P32157)
Attorney for Plaintiff
17515 W. Nine Mile Rd., Ste. 400
Southfield MI 48075
(248) 875-4656

</div>



## VERIFICATION

I verify under penalty of perjury that the foregoing is true and correct.

Dated: September 25, 2015

Lesa Werme

## **CONTINUED JURY DEMAND**

Plaintiff relies on her original demand for trial by jury of all issues so triable.

Dated: September 25, 2015

<div style="margin-left: 40%">

Respectfully submitted,

/s/ STEVEN A. FINEGOOD
Steven A. Finegood P32157
Attorney for Plaintiff

</div>