UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESA WERME,

       Plaintiff,

v.

MORTGAGE CENTER, LLC et al.,

       Defendants.
_____/

Case No. 1:15-cv-130

HON. JANET T. NEFF

## OPINION

Plaintiff filed this action seeking relief related to an alleged wrongful notice of default and foreclosure on a mortgage loan. Pending before the Court is Defendant Mortgage Center, LLC's[1] Motion for Partial Summary Judgment as to Count III, Defamation (Dkt 75). Plaintiff has filed a Response (Dkt 76), and Mortgage Center has filed a Reply (Dkt 77). Having fully considered the parties' submissions, the Court concludes that oral argument would not assist in the disposition of the issues presented. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, Mortgage Center's motion for partial summary judgment is granted.

### I. Background[2]

Plaintiff filed this action against Defendants Mortgage Center, LLC and Federal Home Loan Mortgage Corporation ("Freddie Mac") seeking relief related to the alleged wrongful foreclosure

---

[1] Herein referenced as "Mortgage Center" or "Defendant."

[2] The parties failed to file a Joint Statement of Material Facts as ordered by the Court (Dkt 67). The background facts are stated for purposes of this motion only and are not intended as a resolution of any facts in dispute.

of a 2004 mortgage loan. Plaintiff's First Amended Verified Complaint (Dkt 49) alleges four counts: Count I, Declaratory Judgment; Count II, Accounting; Count III, Defamation; and Count IV, Unjust Enrichment. The present motion concerns only the defamation count, alleged against Mortgage Center.[3]

Mortgage Center, LLC, began servicing the loan at issue for Freddie Mac in approximately 2008. Plaintiff was making monthly mortgage payments of $1430.54 to Mortgage Center until May 2014, when according to Plaintiff, Mortgage Center began returning her payments. On September 17, 2014, Mortgage Center issued a Notice of Default and Intent to Accelerate Loan to Plaintiff, stating that she was four months in arrears on her loan (Dkt 76-44 at PageID. 802). Mortgage Center thereafter proceeded with foreclosure, and a foreclosure notice was published in January 2015 (Dkt 76-3 at PageID.788).

In her defamation count, Plaintiff alleges in key part that beginning on January 22, 2015, Mortgage Center published notice in the Allegan County News and/or other newspapers that Plaintiff was in default of her mortgage (Compl., Dkt 49 at PageID.564, ¶ 26). Further, Mortgage Center's allegations that Plaintiff was in default of her mortgage were "false, malicious, scurrilous, vexatious, and unsupported defamatory statements," and "injurious to Plaintiff in her business, and injurious to her feelings," and were made by Mortgage Center "in bad faith, or with ill will and caused incremental injury to the feelings of Plaintiff attributable to the sense of indignation and outrage experienced by Plaintiff due to the bad faith and/or ill will of [Mortgage Center] in publishing such libelous statements" (*id.* at ¶ 27).

---

[3]Plaintiff does not dispute that Count III is alleged only as to Defendant Mortgage Center (*see* Dkt 75 at PageID.675 n.1).

## II. Legal Standard

A party may move for partial summary judgment, identifying the part of each claim on which summary judgment is sought. FED. R. CIV. P. 56(a). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013); *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citation omitted).

The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir. 2010). The burden then "shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "There is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Burgess*, 735 F.3d at 471 (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The ultimate inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sierra Brokerage Servs.*, 712 F.3d at 327 (quoting *Anderson,* 477 U.S. at 251-52).

## III. Analysis

"In Michigan, a prima facie case of defamation consists of four elements: (1) a false and defamatory statement; (2) publication to a third party; (3) fault—at least negligence—in publishing the statement; and (4) 'either actionability of the statement irrespective of special harm (defamation per se) or ... special harm caused by publication (defamation per quod).'" *Ogle v. Hocker*, 430 F.

App'x 373, 374 (6th Cir. 2011) (quoting *Colista v. Thomas*, 616 N.W.2d 249, 254 (Mich. Ct. App. 2000)). Mortgage Center argues that Plaintiff has failed to establish element one and element four. Specifically, Plaintiff is unable to show that the alleged defamatory statement, i.e., that she defaulted on her mortgage, was false, and even if she could demonstrate it was false, she has failed to show she suffered special harm as a result of its publication, i.e., defamation per se or per quod.

Plaintiff responds with a bifurcated discussion of two topics: "Context" (Dkt 76 at PageID.751) and "No Qualified Privilege" (*id.* at PageID.753). These topics appear to address defamation claims generally, rather than respond to the issues raised by Mortgage Center. In any event, Plaintiff's arguments fail to overcome the deficiencies in her defamation claim.

### A. Element One

To establish a prima facie case of defamation, Plaintiff must show "a false and defamatory statement." Mortgage Center points out that Plaintiff's First Amended Verified Complaint (FAVC) alleges that she "timely tendered the June, July, August and September 2014 mortgage payments" but they were wrongly returned to her (*see* FAVC ¶ 10). She further contends that foreclosure proceedings were commenced because of a $72 late payment or other similar small fee (*id.* ¶¶ 12-13). However, the FAVC fails to address whether Plaintiff made the May 2014 payment, and further fails to address whether she made any payments after September 2014.

Mortgage Center provides the Declaration of its "VP of Loan Administration" (Dkt 75-3), which states that Plaintiff's May 2014 loan payment was not timely made, that the June, July and August payments were returned as insufficient to bring the loan current, and that the September payment was accepted as a partial payment and applied as Plaintiff's May 2014 payment. Further,

Plaintiff was four months in arrears on her loan as of September 17, 2014, and because she failed to cure the default, Mortgage Center referred her loan for foreclosure (*id.*).

Mortgage Center asserts that by the time the foreclosure notice was published on January 22, 2015, Plaintiff was in default of the conditions of her mortgage, and the notice of foreclosure regarding a default was therefore true. Accordingly, Count III should be dismissed because Plaintiff has not established the false statement element of a defamation claim.

Plaintiff responds with a rather involved argument, essentially contending that she was not technically in default. Plaintiff reasons that any relevant reader of the Foreclosure Notice would read Mortgage Center's statement—that "Default has been made in the conditions of a mortgage made by Lesa Werme ... recorded in Liber 2714, Page 708"—to mean non-payment of the June, July, August, and September 2014 installments specified in its Acceleration Notice, because that is what is required by Mortgage Paragraph 22—recorded in the county land records (Pl. Resp., Dkt 76 at PageID.751). But those payments were all unilaterally returned by Mortgage Center even though timely tendered by Plaintiff, purportedly based on a "heretofore <u>unspecified</u> default of the May 2014 installment tendered by Plaintiff too, but returned by Defendant nevertheless" (*id.*).

Plaintiff provides her own Declaration (Dkt 76-4), stating that she timely remitted her May 2014 payment to Defendant, but that Defendant returned the check uncashed. Plaintiff submits a copy of her May check with an undated letter from Defendant's Sr. Member Loan Counselor, which begins:

> I recently received your partial payment. This payment is being returned to you because it does not satisfy the balance due under the Notice of Default in Mortgage and Intent to Accelerate Loan that was previously sent to you.

(Pl. Decl., Ex. I, Dkt 76-4 at PageID.794).

Plaintiff argues that if the Notice of Default issued by Defendant failed to properly specify the default as required by Paragraph 22 of the Mortgage, then by definition the mortgagee failed to give "<u>clear</u> proof" of the default (Dkt 76 at PageID.752). "And so if there is no '<u>clear</u> proof' of the default because the purported May 2014 default has not been properly specified in the manner required by the subject mortgage agreement, then it was a <u>false</u> statement published in the legal news by Defendant Servicer stating the 'Default has been made in the conditions of a mortgage made by Lesa Werme', by which the mortgage power of sale purportedly became operative pursuant to [MICH. COMP. LAWS §] 600.3204(1)(a)" (*id.*).

The Court finds this reasoning tenuous and lacking in any demonstrated legal or factual basis. The Notice of Default specified that Plaintiff defaulted on the mortgage payments for the months of "6/1/2014 through 9/1/2014" and set forth in detail the amount due over ensuing weeks and that Plaintiff could cure the default by remitting the delinquent amount due (*see* Pl. Decl., Ex. V, Dkt 76-4 at PageID.802). It is undisputed that Plaintiff failed to make the necessary payments to bring her account current pursuant to Defendant's records (*see* Def. Reply, Dkt 77 at PageID.829-830). In fact, the evidence indicates that Plaintiff failed to even respond or attempt to resolve the "default" with Defendant (*id.*).

As Defendant points out, Plaintiff repeatedly tendered only one month's payment despite knowing that her previous month's check was returned uncashed, leaving a balance due. From a factual standpoint, any belated dispute over the status of her May payment—whether Defendant rejected her May payment and/or applied her September payment to May, makes little difference.[4]

---

[4] It is noteworthy that the documentary evidence filed does not "add up" and leaves many questions unanswered. For instance, Plaintiff provides a photocopy of her May 1, 2014 check that she alleges Defendant returned, which she has photocopied onto an undated letter from Defendant

Plaintiff's loan was delinquent, and she does not dispute that Defendant's records showed her loan account to be in default and Defendant notified her that she was in default. The Notice of Foreclosure was published accordingly. "Because 'substantial truth is an absolute defense to a defamation claim[,]'" Plaintiff has failed to show a "false statement" necessary for a prima facie case of defamation. *See Williams v. Fannie Mae*, No. 321677, 2015 WL 4591960, at *6 (Mich. Ct. App. July 16, 2015)[5] (quoting *Collins v. Detroit Free Press, Inc.*, 627 N.W.2d 5, 9 (Mich. Ct. App. 2001)).

### B.  Element Four

Defendant also argues that Plaintiff has failed to show the fourth element of a prima facie defamation claim: actionability of the statement irrespective of special harm (defamation per se) or special harm caused by publication (defamation per quod). Defendant notes that Plaintiff does not claim that the foreclosure notice contained any words that constitute defamation per se, e.g., a lack of chastity or the commission of a crime. *See Heike v. Guevara*, 654 F. Supp. 2d 658, 675 (E.D. Mich. 2009). Nor has Plaintiff shown defamation per quod, by establishing "special harm" she has suffered. *See id.* at 676 (defamation claim properly dismissed because the plaintiff failed to allege any specific pecuniary harm resulting from the defamation or explain how any reputational damage translated into economic harm).

---

to indicate it accompanied the returned May check (Pl. Decl., Ex. I at PageID.794). The letter states: "This payment is being returned to you because it does not satisfy the balance due under the Notice of Default in Mortgage and Intent to Accelerate Loan *that was previously sent to you*" (*id.*, emphasis added). However, the only Notice of Default in Mortgage and Intent to Accelerate Loan in the record is dated 9/17/2014 (Dkt 76-4 at PageID.802 & Dkt 76-5 at PageID.804). Clearly, a letter sent returning a May 1, 2014 payment would not reference a previously sent 9/17/2014 letter. Nevertheless, this "problematic" evidence is not material to the resolution of the issues before the Court and thus provides no impediment to disposition of the current motion.

[5]*See* Pl. Ex. F, Dkt 76-7 at PageID.822.

Plaintiff provides no discernable argument on this issue.[6]  On a motion for summary judgment, once the moving party has carried the initial burden of showing the absence of a genuine issue of material fact, the burden then "shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'"  *Jakubowski*, 627 F.3d at 200 (quoting *Anderson*, 477 U.S. at 248).  Plaintiff's failure to respond on this point renders partial summary judgment proper on this ground as well.

### IV.  Conclusion

Defendant Mortgage Center, LLC's motion for partial summary judgment of Court III of Plaintiff's Complaint (Defamation) is granted.  An Order will enter consistent with this Opinion.


Dated: March 6, 2017                           /s/ Janet T. Neff
                                               JANET T. NEFF
                                               United States District Judge

---

[6]To the extent Plaintiff has pled damages, her general and conclusory statements appear to fall short of establishing this element of her claim.